STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

April 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: A.G. and S.G.**

**No. 12-1457** (Fayette County Nos. 11-JA-66 & 67)

**MEMORANDUM DECISION**

Petitioner Father filed this appeal, by counsel Christopher S. Moorehead, from the Circuit Court of Fayette County which terminated his parental rights by order entered on November 15, 2012. The guardian ad litem for the children, Jamison T. Conrad, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Michael L. Jackson, also filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2011, the circuit court dismissed Petitioner Father and the children's mother from a prior abuse and neglect proceeding. Only months later, however, the DHHR filed the petition of the instant proceeding after the mother gave birth to S.G. and both mother and child tested positive for several drugs. Throughout the proceedings, the circuit court found that neither parent cooperated with their service providers, drug screens, or visitation. Throughout the course of this case, it was also reported that Petitioner Father and the mother engaged in domestic violence in the children's presence, the home was in unfit living conditions, and that Petitioner Father had had his parental rights terminated to nine other children. In November of 2012, the circuit court entered its order terminating Petitioner Father's parental rights. It is from this order that Petitioner Father appeals.

On appeal, Petitioner Father argues three assignments of error. First, he argues that the circuit court erred in denying his motion for an improvement period. He asserts that based on his successful performance in his prior abuse and neglect case, he should have received an improvement period in the instant case. In response, the children's guardian ad litem and the DHHR contend that the circuit court did not err in denying Petitioner Father an improvement period. Both highlight that only six months elapsed between the end of Petitioner Father's prior abuse and neglect case and the opening of the instant case, reflecting that any improvements were temporary. Both assert that Petitioner Father failed to cooperate with his service provider and that he was unable to visit his children because he failed to produce clean drug screens.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Our review of the record indicates no error by the circuit court in its decision to deny Petitioner Father's motion for an improvement period. Pursuant to West Virginia Code § 49-6-12, the parent bears the burden of proving by clear and convincing evidence that he or she will comply with terms of an improvement period. Consequently, the circuit court has the discretion to grant or deny a motion for an improvement period. The Court finds that the circuit court was presented with sufficient evidence upon which it found that an improvement period would be inappropriate.

Second, Petitioner Father argues that the circuit court erred in adjudicating Petitioner Father as abusive and neglectful to the subject children. He asserts that no evidence was presented to support the circuit court's findings that he resided with the children's drug-addicted mother or that Petitioner Father knew of the mother's drug use. Petitioner Father argues that there was insufficient evidence to show that Petitioner Father abused and neglected the children and, that, although the circuit court granted the DHHR's motion to amend its petition, the DHHR never did so. The respondents contend that there was sufficient evidence for the circuit court to adjudicate Petitioner Father as abusive and neglectful. Both argue that multiple witnesses testified with regard to the family's living conditions and residence together, and at no point did the parents dispute living together.

The record reflects no error by the circuit court in adjudicating Petitioner Father as abusive and neglectful to the subject children. The circuit court's order granting the DHHR's motion to amend its petition orders that "the Petition be amended to reflect the additional paragraphs as outlined in the Motion to Amend Petition." Accordingly, we find no error by the circuit court in moving forward on the DHHR's additional allegations. The Court finds that the circuit court was presented with sufficient evidence upon which it adjudicated the children as abused and neglected by Petitioner Father, as directed by West Virginia Code § 49-6-2(c).

Lastly, Petitioner Father argues that the delays in this case violated his due process rights. Petitioner Father asserts, for instance, that Rule 25 of the Rules of Procedure for Child Abuse and Neglect directs that the adjudicatory hearing be held within thirty days after the preliminary hearing. Petitioner Father further argues that that the Rules of Procedure for Child Abuse and Neglect do not direct multiple adjudicatory hearings, and yet, the circuit court held a supplemental adjudicatory hearing over two months after the initial adjudicatory hearing. Petitioner Father argues that repeated delays denied him opportunities to regain custody of his children during the fourteen months after the petition was filed and before the dispositional order was entered. In response, the children's guardian ad litem and the DHHR contend that the circuit court did not commit procedural errors. They both argue that Petitioner Father received notice of every hearing and had an opportunity to be heard at every stage of the case. Nevertheless, Petitioner Father chose not to present any evidence. They reiterate that throughout the history of the instant case, Petitioner Father failed to maintain contact, communication, and cooperation with his caseworkers.

We find no error in the circuit court's navigation of this case. Any continuance in this matter did not substantially frustrate the overall proceedings to warrant reversing termination. *See In re Edward B.*, 210 W.Va. 621, 634, 558 S.E.2d 620, 633 (2001). The circuit court did not commit any errors in this regard, nor were Petitioner Father's due process rights violated during the course of these proceedings.

Upon our review, the Court finds no error in the circuit court's termination of Petitioner Father's parental rights. We find that the circuit court was presented with sufficient evidence upon which it based findings that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

This Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

3

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home cannot be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard ,* 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we affirm the circuit court's order terminating petitioner's parental rights to the subject children.

Affirmed.

**ISSUED:** April 16, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II